ORIGINAL FILED
08 JAN 28 PM 3: 43
RICHARD W. WIEKING
CLERK
U.S DISTRICT COURT
NO DISTRICT COURT
S J

Glenn R. Kantor - SBN 122643
E-mail: gkantor@kantorlaw.net
Lisa S. Kantor - SBN 110678
E-mail: lkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886-2525 (TEL)
(818) 350-6272 (FAX)

Russell G. Petti - SBN 137160
E-Mail: Rpetti@petti-legal.com
The Law Offices of Russell G. Petti
466 Foothill Blvd., #389
La Canada, California 91011
(818) 952-2168 (TEL)
(818) 952-2186 (FAX)

Attorneys for Plaintiff,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE F. TICZON,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST AIRLINES PENSION PLAN FOR CONTRACT EMPLOYEES,<br><br>Defendants. | CASE NO: C 08-00676 RMW<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE AND DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES' AND COSTS |

Plaintiff, Willie F. Ticzon, herein sets forth the allegations of his Complaint against Defendant, Northwest Airlines Pension Plan for Contract Employees.

**PRELIMINARY ALLEGATIONS**

1.  "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code

1

1 | sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining disability pension benefits under the terms of an employee pension plan; to clarify and enforce Plaintiff's past, present and future rights to disability pension benefits under the pension plan named herein as defendant; and, to obtain other equitable relief, including but not limited to, restitution, an injunction ordering defendant to qualify Plaintiff for the receipt of disability pension benefits and to pay Plaintiff disability pension benefits to which Plaintiff is entitled; for prejudgement and postjudgment interest; and for attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Northwest Airlines, Inc., and a resident and citizen of the County of San Mateo. Plaintiff is currently residing in San Mateo County.

3. Plaintiff is informed and believes that Defendant Northwest Airlines Pension Plan for Contract Employees (hereinafter "Pension Plan") is an employee welfare benefit plan regulated by ERISA, established by Northwest Airlines, Inc., under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to disability pension benefits benefits. Pursuant to the terms and conditions of the Pension Plan, Plaintiff is entitled to disability pension benefits for the duration of Plaintiff's disability. The Pension Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

4. The Pension Plan is administered in this judicial district. The pension benefit claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

# FIRST CAUSE OF ACTION AGAINST
# NORTHWEST AIRLINES PENSION PLAN
# FOR CONTRACT EMPLOYEES
# FOR DENIAL OF PLAN BENEFITS

5. Plaintiff refers to and incorporates by reference paragraphs 1 through 4 as though fully set forth herein.

6. At all times relevant, Plaintiff was employed by Northwest Airlines. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Pension Plan maintained by Northwest Airlines. Specifically, while Plaintiff was covered under the Pension Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under the terms of the Pension Plan.

7. At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the Pension Plan.

8. Pursuant to the terms of the Pension Plan, Plaintiff made a claim to Northwest Airlines Pension Plan for Contract Employees for disability pension benefits. On October 24, 2006, Plaintiff's claim for disability pension benefits was denied by the Pension Plan. On October 26, 2006, Plaintiff appealed this determination and, despite overwhelming evidence of a covered claim, on July 20, 2007, the Pension Plan erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for disability pension benefits.

9. Defendant Pension Plan wrongfully denied Plaintiff's claim, in the following respects:

(a) Failure to pay disability pension benefits to Plaintiff at a time when the Pension Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Pension Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the Pension Plan had such knowledge, the Pension Plan denied Plaintiff's disability pension benefits;

1    (b) Withholding disability pension benefits from Plaintiff knowing Plaintiff's claim was valid, for the reasons set forth in subparagraph (a) above;

(c) Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the Pension Plan documents, in relation to the applicable facts and Pension Plan provisions, for the denial of Plaintiff's claims for disability pension benefits;

(d) After Plaintiff's claim was denied in whole or in part, the Pension Plan failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(e) Concealing and withholding from Plaintiff the notice the Pension Plan was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations §2560.503-1(e) - (g), inclusive; and

(f) Failing to properly and adequately investigate the merits and to provide a full and fair review of Plaintiff's disability pension claim.

10. Plaintiff is informed and believes and thereon alleges that these named defendants wrongfully denied his disability pension benefits under the Pension Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make defendants aware of once said acts or omissions are discovered by Plaintiff.

11. Following the denial of Plaintiff's disability pension claim under the Pension Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Pension Plan.

12. As a proximate result of the aforementioned wrongful conduct of the Pension Plan, Plaintiff has damages for loss of disability pension benefits in a total sum to be shown at the time of trial.

13. As a further direct and proximate result of this improper determination regarding Plaintiff's claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

## SECOND CAUSE OF ACTION AGAINST
## NORTHWEST AIRLINES PENSION PLAN
## FOR CONTRACT EMPLOYEES
## FOR EQUITABLE RELIEF

14. Plaintiff refers to and incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15. As a direct and proximate result of the failure of the Pension Plan to pay disability pension benefits to Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a) (3):

(a) Restitution of all past benefits due to Plaintiff under the Pension Plan, plus prejudgment and postjudgment interest at the lawful rate;

(b) A mandatory injunction issued requiring the Pension Plan to immediately qualify Plaintiff for past disability pension benefits under the Plan, and to continue such qualification for so long as Plaintiff remains totally disabled under the terms of the Plan; and

(c) Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a disabled employee and/or participant under the Pension Plan.

# THIRD CAUSE OF ACTION AGAINST DEFENDANTS
# NORTHWEST AIRLINES PENSION PLAN
# FOR CONTRACT EMPLOYEES
# FOR DECLARATORY RELIEF

16. Plaintiff refers to and incorporates by reference paragraphs 1 through 15 as though fully set forth herein.

17. A controversy now exists between the Pension Plan on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the Pension Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the Pension Plan definition of disability and was and is entitled to continued disability pension benefits from the Pension Plan. Plaintiff further seeks a declaration by this Court that if in fact Plaintiff is found to have been and continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability pension benefits should have been awarded.

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability pension benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

2. For a declaration that Plaintiff is disabled under the terms of the Pension Plan and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

3. For injunctive relief requiring payment of all disability pension benefits and any other employee benefits owed under the Pension Plan;

4. Pursuant to 29 U.S.C. § 1132(g) for all costs and attorney fees incurred in pursuing this action;

5. For prejudgement and postjudgment interest as allowed for under ERISA; and

6. For such other and further relief as this Court deems just and proper.

DATED: January 24, 2008

KANTOR & KANTOR, LLP

BY *Lisa S. Kantor*

Lisa S. Kantor
Attorney for Plaintiff Willie F. Ticzon